IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **WHIRLPOOL CORPORATION,**<br><br>        Plaintiff,<br><br>    v.<br><br>**BASIL LARKIN and VIKING RANGE CORPORATION,**<br><br>        Defendants. | No.  07 CV 1241<br><br>Judge:  Gordon J. Quist |

**STIPULATED PROTECTIVE ORDER**

This matter coming before the Court for entry of a Stipulated Protective Order and upon consideration of the same, the Court does find that a legitimate need exists, pursuant to Federal Rule of Civil Procedure 26(c), to issue a protective order to expedite the flow of discovery material, adequately protect material entitled to be kept confidential, ensure that protection is afforded only to material so entitled, and to facilitate the prompt resolution of disputes over confidentiality in furtherance of the Court's policy that discovery matters be conducted without unnecessary Court intervention.  Therefore, with good cause having been shown, the Plaintiff and Defendants (collectively, the Parties) having consented to entry of this Stipulated Protective Order, and pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c), the Court is of the opinion that the Parties' Joint Motion for Stipulated Protective Order should be GRANTED.

    **IT IS SO ORDERED:**

    1.    In connection with any discovery, trial and appeal proceedings, this Protective Order shall apply to any information, document or thing that is subject to discovery in this

litigation. It is anticipated that discovery in this case will call for Plaintiff or one or more of the Defendants (hereinafter, collectively referred to as the "Parties") to produce and/or disclose "Confidential Information," as that term is defined below. The Parties will produce or disclose Confidential Information during the course of discovery provided that: (a) such Confidential Information is relevant and otherwise non-objectionable; and (b) each Party to whom such Confidential Information is produced or disclosed will be bound by the provisions of this Protective Order.

2. For the purposes of this Protective Order, "Confidential Information" shall mean: Any document produced, any statement made (whether oral or written), or any answer given (whether oral or written) by any Party (including any current or former employees, agents, and representatives of any Party) during the course of discovery that contains, discloses, or reveals: (i) confidential and proprietary business information that is not generally known or ascertainable to competitors or the general public; (ii) financial information that is not generally known or ascertainable to competitors or to the public, provided that the disclosing Party has a legitimate interest in maintaining the confidentiality/privacy of said information; and (iii) any other type of information that is maintained by the producing Party on a confidential basis, provided that the producing Party has a legitimate interest in maintaining the confidentiality/privacy of said information.

3. This Protective Order shall cover all materials deemed in good faith by the producing Party to be Confidential Information, produced at any time throughout the course of the litigation.

4. Any document or material that a producing Party contends contains Confidential Information shall be designated as such by placing a "Confidential" or "Attorneys' Eyes Only"

stamp on any document or by designating information as such prior to or in answering any interrogatory. Deposition testimony shall be designated as Confidential Information on the record at the deposition or in writing to the other Party within three (3) days upon receipt of deposition transcript.

5. The Confidential Information designated as "Confidential" or "Attorneys' Eyes Only" shall be used solely in connection with litigating this action, including any appeals, and shall not be used in any other action or proceeding or for any other purpose whatsoever including, without limitation, for any business, commercial, competitive, personal or other purpose, or the publication or disclosure to any person other than as expressly provided for herein.

6. The Confidential Information may be shown only to:

(a) The Parties' attorneys of record in this proceeding, including in-house and outside counsel, their associated attorneys who are employed by them, and legal assistants, paralegals and other support staff who are employed by counsel in this proceeding;

(b) The Parties to this proceeding, which for the purpose of this Stipulated Protective Order, includes only the individuals who are named as Parties and the salaried directors and/or officers of the business entities that are named Parties to this case;

(c) Any experts or consultants and their staff who are directly involved in the discovery and/or trial preparation of this case provided that any such person must agree to be bound by this Stipulated Protective Order by signing the "Confidentiality Agreement" that is attached hereto as Exhibit A;

(d) Deposition witnesses during the course of a deposition at the time of the testimony, to the extent reasonably necessary to render their testimony, and subject to the

provisions contained in paragraph 4 above;

(e) Any witness during the course of his or her testimony at the trial of this case or at any evidentiary hearing in this case, to the extent reasonably necessary to render their testimony;

(f) Court reporters in the course of a deposition or court proceeding; and

(g) The Court, and any court of competent appellate jurisdiction, as well as Court personnel, including Court clerks, and stenographic reporters regularly employed by the Court.

7. Nothing in this Protective Order shall preclude a Party from seeking additional protection against disclosure of particularly sensitive or private Confidential Information. If the producing Party seeks this additional protection, the producing Party may designate those particular documents or information as "Attorneys' Eyes Only."

8. "Attorneys' Eyes Only" information shall be shown only to:

(a) Plaintiff's attorneys of record, including outside counsel and the legal, paralegal, and clerical employees of Plaintiff's outside counsel, and in-house counsel representative who is designated by Plaintiff as William J. Chickering, Esq. while he is in the presence of outside counsel;

(b) Defendants' attorneys of record, including outside counsel and the legal, paralegal, and clerical employees of Defendants' outside counsel, and in-house counsel representative while he or she is in the presence of outside counsel and whose designation shall be disclosed to Plaintiff prior to any disclosure;

(c) Any experts or consultants and their staff who are directly involved in the discovery and/or trial preparation of this case provided that any such person must agree to be bound by this Stipulated Protective Order by signing the "Confidentiality Agreement" that is attached hereto as Exhibit A;

-4-

(d)   Deposition witnesses during the course of a deposition at the time of the testimony, to the extent reasonably necessary to render their testimony, and subject to the provisions contained in paragraph 4 above;

(e)   Any witness during the course of his or her testimony at the trial of this case or at any evidentiary hearing in this case, to the extent reasonably necessary to render his or her testimony;

(f)   Court reporters in the course of a deposition or court proceeding; and

(g)   The Court, and any court of competent appellate jurisdiction, as well as Court personnel, including Court clerks, and stenographic reporters regularly employed by the Court.

9.   If a Party challenges another Party's designation of material as "Confidential" or "Attorneys' Eyes Only," the challenging Party shall notify the other Party in writing. Thereafter, the Parties shall work in good faith to resolve any disagreement. If, after a reasonable time, an agreement cannot be reached, the Parties shall have the right to submit the dispute, upon motion, to the Court for its consideration and ruling accordingly.

10.   Before any Confidential Information is disclosed to any person identified in Paragraph 6 (a) – (e) and Paragraph 8 (a) – (e) above, that person must first receive a copy of this Protective Order and agree to abide by its terms.

11.   Confidential Information shall be disclosed to the persons identified in Paragraph 6 (a) – (e) and Paragraph 8 (a) – (e) above only to the extent reasonably necessary to enable that person to assist in the pre-trial preparation and litigation of this case. The attorneys of record for the Parties to this proceeding shall make the terms of this Protective Order known to all other persons bound by this Protective Order and, together with their clients, are responsible for compliance with this Protective Order.

12. If any Parties' counsel deems it necessary to disclose any Confidential Information to any person other than those identified in Paragraphs 6 or 8 above, the counsel must first obtain the consent of opposing counsel. If opposing counsel does not agree to the planned disclosure, counsel may seek the Court's approval provided that opposing counsel receives proper notice of the request.

13. Within thirty (30) days after this case and any appeals of this case end, the Parties and their counsel shall either destroy or return to the producing Party all originals and copies of all documents containing the Confidential Information in their possession, custody or control. Without limiting the generality of the foregoing, the obligation to destroy such documents shall include the obligation to erase all images, compilations, copies, summaries, or abstracts of them from computer storage except for materials constituting attorney work-product. Upon written request of counsel, the opposing party and their counsel shall sign a certification stating that they have fully complied with this Paragraph.

14. This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing any documents or other discovery material.

15. Nothing in this order shall limit a Party's right to use its own Confidential Information as it deems appropriate.

16. Nothing in this Protective Order shall abridge the right of any person to seek judicial modification or amendment of this Order.

17. The obligations created by this Protective Order shall survive the termination and final disposition of this lawsuit unless otherwise modified by the Court. The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Protective Order and to make

such amendments and modifications to this Order as may be appropriate.

18. The procedures set forth herein shall not affect the rights of the parties to object to discovery on other grounds, nor shall it relieve a Party of the necessity of making a proper response and/or objection to discovery requests, nor shall it preclude any Party from seeking further relief or protective orders from the Court as may be appropriate.

19. The inadvertent or unintentional disclosure of any Confidential Information by any Party shall not be construed to be a waiver, in whole or in part, of the Party's claims of confidentiality either as to the specific Confidential Information disclosed or as to any other related information.

STIPULATED TO:

| WHIRLPOOL CORPORATION | BASIL LARKIN and VIKING RANGE CORPORATION |
|---|---|
| By: /s/Veronica Li<br>    One of Plaintiff's Attorneys | By: /s/Jill Vorobiev<br>    One of Defendants' Attorneys |
| Dana S. Connell<br>David L. Christlieb<br>Veronica Li<br>LITTLER MENDELSON<br>A Professional Corporation<br>200 N. LaSalle Street<br>Suite 2900<br>Chicago, IL 60601<br>(312) 372-5520 | Lawrence C. DiNardo<br>Jill S. Vorobiev<br>David Birnbaum (admission pending)<br>Jones Day<br>77 West Wacker Drive<br>Suite 3500<br>Chicago, IL 60601<br>(312) 782-8585 |

Dated: December 17, 2007

-8-

SIGNED this 17th day of December, 2007     /s/ Hugh W. Brenneman, Jr.
                                                                            Hugh W. Brenneman, Jr.
                                                                            U.S. Magistrate Judge

EXHIBIT "A"

## CONFIDENTIALITY AGREEMENT

I, _____, do solemnly affirm that I am fully familiar with the terms of the Stipulated Protective Order entered in the matter pending before the United States District Court for the Western District of Michigan, Southern Division, entitled *Whirlpool Corporation v. Larkin and Viking Range Corporation*, Case No. 07 CV 1241, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further a subsequent protective order issued by the Court. I understand that if I violate the terms of the Order, I may be subject to sanctions or contempt of court proceedings. I hereby consent to the jurisdiction of said Court for purposes of enforcing the foregoing described Order.

Dated this \_\_\_\_\_ day of _____, 2007.

_____
Signature

_____
Printed Name

_____
Date